IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TALLI MCFADDEN | : | No. 15-376-03 |

**MEMORANDUM**

PRATTER, J.                                                                                                              FEBRUARY 28, 2024

Talli McFadden, filing a motion under 28 U.S.C. § 2255, challenges the sentence imposed on him as violating the Sixth Amendment of the Constitution due to ineffective assistance of counsel. Mr. McFadden specifically argues that his attorney should have challenged the determination that he was subject to the career offender provision in the United States Sentencing Guidelines, which would have lessened his sentence.

However, Mr. McFadden's prior convictions were such that the career offender provision was operative. Mr. McFadden's counsel was not ineffective in her representation of Mr. McFadden when she did not object to the provision's application. Thus, the Court denies Mr. McFadden's Motion.

**BACKGROUND**

Talli McFadden participated in a large-scale drug trafficking conspiracy to transport cocaine and marijuana in bulk from California to Philadelphia for distribution from 2009 to 2015. Mr. McFadden's brother, Tyron McFadden, led the conspiracy, and the other codefendants included Talli and Tyron McFadden's brother Theodore McFadden and their sister Tedkieya McFadden. Talli McFadden pled guilty to conspiracy and possession with intent to distribute

1

various drug offenses and conspiracy to commit money laundering (Counts One, Eight, Eleven, and Twelve of the Superseding Indictment) in February 2017.

After a number of hearings and motions regarding that plea agreement, the Court imposed sentence on Mr. McFadden on October 21, 2020. The Court initially found that the offense level was 38 under the Guidelines system. The Court then evaluated Mr. McFadden's criminal history, and based on his offenses, Mr. McFadden would have normally been placed in Category V. Mr. McFadden, however, was a career offender under the Guidelines system, putting him in Category VI as authorized by § 4B1.1(b) of the Guidelines. That categorization would call for a period of incarceration for 360 months to life. The Court sentenced Mr. McFadden to 210 months of imprisonment, with supervised release for eight years after Mr. McFadden's release from prison. Mr. McFadden's attorney did not object to the Guidelines calculation, and the Government objected only to the maximum fine, though not the terms of imprisonment.

Mr. McFadden's career offender status stemmed from two prior convictions: (1) a guilty plea to voluntary manslaughter in 1996 when Mr. McFadden shot and killed a 19-year-old woman in Philadelphia and (2) a guilty plea in this Court to three counts involving cocaine possession with intent to distribute. The latter involved an effort by Mr. McFadden and his brother to purchase five kilograms of cocaine from an undercover officer and a search of Mr. McFadden's apartment that yielded approximately 54 grams of crack cocaine in 752 vials and a gun.

In October 2019, the Court appointed new counsel to represent Mr. McFadden after he was represented by a number of different attorneys. Mr. McFadden's appointed attorney represented him during his sentencing hearing.

Mr. McFadden has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he had ineffective assistance of counsel when his attorney did not

2

challenge Mr. McFadden's career offender status during the sentencing hearing. The Government objects to Mr. McFadden's motion, predominantly arguing that Mr. McFadden's claim is meritless when his two prior convictions clearly placed his criminal history within career offender status.

## LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner in custody the right to "vacate, set aside, or correct" his sentence if "(1) it was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose it; (3) it was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack." *United States v. Barbosa-Delgado*, No. 17-320-8, 2022 WL 2974908, at *2 (E.D. Pa. July 27, 2022) (citing *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005)).

The Court has discretion in deciding whether to have an evidentiary hearing on a Section 2255 motion. *United States v. Isaac*, No. 00-cr-725, 2007 WL 2768856, at *2 (E.D. Pa. Sept. 21, 2007) (citing *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). The Court may summarily dismiss a motion under Section 2255 without a hearing "where the motion, files, and records show conclusively that the movant is not entitled to relief." *Id.* (citations and internal quotation marks omitted).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." *Barbosa-Delgado*, 2022 WL 2974908, at *3 (quoting *Lee v. United States*, 582 U.S. 357, 363 (2017)). To prove ineffective counsel, a plaintiff "must show his lawyer's performance 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The Court may analyze the prejudice and performance

3

prongs in any order and need not analyze both if finding that the defendant has not met his burden on one. *Id.* (citing *Strickland*, 466 U.S. at 697). "There is a 'strong presumption' [that] counsel's performance was not deficient[,] and hindsight cannot distort the Court's decision." *Id.* (citing *Strickland*, 466 U.S. at 689).

## DISCUSSION

Under the Sentencing Guidelines:

> "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sent'g Guidelines Manual § 4B1.1(a) (U.S. Sent'g Comm'n 2022) ("Sentencing Guidelines"). Mr. McFadden argues that his counsel was ineffective when she did not object to either of Mr. McFadden's prior convictions as being applicable to the standard for a career offender under the Sentencing Guidelines. Mr. McFadden specifically argues that his 2000 drug conviction did not constitute a "controlled substance offense" and that his 1996 manslaughter conviction did not constitute a "crime of violence." The Court analyzes each of these claims in turn.

### I. Mr. McFadden's 2000 Drug Conviction Constituted a "Controlled Substance Offense."

A "controlled substance offense" under the Sentencing Guidelines is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or (2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

Sentencing Guidelines § 4B1.2(b).

4

Here, Mr. McFadden argues that Section 4B1.2 does not include inchoate offenses like conspiracy, which would thus preclude the 2000 federal drug conspiracy conviction from constituting as a controlled substance offense. Mr. McFadden overlooks the fact, however, that he had pled guilty not only to conspiracy but also to possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The definition of a "controlled substance offense" in the Sentencing Guidelines is clear that it includes "possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute. . . ." *Id.* Thus, Mr. McFadden's 2000 drug conviction constituted a "controlled substance offense" under the Sentencing Guidelines.

## II. Mr. McFadden's 1996 Manslaughter Conviction Constituted a "Crime of Violence."

The current version of the Sentencing Guidelines defines a "crime of violence" in relevant part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault . . . ." Sentencing Guidelines § 4B1.2(a) (2022). Prior to 2016, however, voluntary manslaughter was not explicitly listed within the Sentencing Guidelines. *Id.* (2015). Instead, the Guidelines included the same first definition, though the second definition only included a crime that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* According to Mr. McFadden, the pre-2016 Guidelines should apply because his manslaughter conviction occurred in 1994; however, under both the pre-2016 and post-2016 Guidelines, Mr. McFadden's manslaughter conviction constitutes a crime of violence.

5

If the statute under which Mr. McFadden was convicted "has an element of violent force capable of causing physical pain or injury, 'then the statute proscribes a predicate crime of violence within the meaning of the Guidelines.'" *United States v. Amos*, 88 F.4th 446, 456 (3d Cir. 2023) (quoting *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018)). Under Pennsylvania law, "[a] person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by: (1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed." 18 Pa. Cons. Stat. § 2503(a). Voluntary manslaughter also occurs where "[a] person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable." *Id.* § 2503(b).

Even if the pre-2016 Guidelines definition did apply, Mr. McFadden's voluntary manslaughter conviction still meets the definition of a "crime of violence" under the Sentencing Guidelines at the time. Voluntary manslaughter involves the specific intent to kill. *Commonwealth v. Pitts*, 404 A.2d 1305, 1308 (Pa. 1979). One naturally causes physical pain or injury to another when committing voluntary manslaughter because the perpetrator's actions lead to the death of another. By also having a *specific* intent to cause the killing, voluntary manslaughter "has an element of violent force capable of causing physical pain or injury." *Amos*, 88 F.4th at 456. In addition, Mr. McFadden's 1996 conviction stemmed from his participation in the shooting of a 19-year-old where Mr. McFadden also fired shots at a vehicle occupied by two other minors, and a firing a gun is clearly a violent force capable of causing physical pain or injury.[1] Thus, even under

---

[1] At the time of his presentence investigation report, Mr. McFadden argued that he was never charged with firing any shots during this incident.

6

the pre-2016 definition, Mr. McFadden's voluntary manslaughter conviction constitutes a crime of violence.

### III. There is No Ineffective Assistance of Counsel.

To show that Mr. McFadden would have been prejudiced in the ineffective assistance of counsel analysis, he "must show that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because Mr. McFadden's two previous convictions unequivocally qualified him as a career offender under the Sentencing Guidelines during his sentencing, there is no reasonable probability that his sentence would have been any different had his attorney objected to the applicability of either of his prior convictions to the career offender designation. Thus, Mr. McFadden was not prejudiced when his attorney did not challenge the applicability of the career offender provision, and there was therefore no ineffective assistance of counsel.

### CONCLUSION

For the foregoing reasons, the Court denies Mr. McFadden's motion. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE